## W. H. THONE *v.* C. KLEMME.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 9, 1897.          DECIDED JANUARY 21, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

Where the defendant in an action to recover damages for malicious prosecution makes a defense that he relied upon the advice of counsel in instituting the prosecution, the question whether he made *bona fide* a full and complete statement of the essential facts of the case to counsel is a matter for the jury. It is not error to refuse to grant a non-suit in such case. The evidence in the case is not such as would warrant the court in setting aside the verdict as contrary to the evidence and the weight of evidence.

OPINION OF THE COURT BY JUDD, C.J.

At the last November term of the Circuit Court, First Circuit, the plaintiff recovered of defendant two hundred and twenty

dollars damages for malicious prosecution. The case comes to this court on the defendant's bill of exceptions, wherein it is claimed that the verdict should be set aside on the ground that it is contrary to the evidence and the weight of evidence, and because the trial court refused to grant a non-suit when the evidence was in and before the case was submitted to the jury.

We first take up the second ground of exception. The ground upon which the non-suit was asked was, as claimed by defendant's counsel, that the evidence showed that the plaintiff had made *bona fidc* a full statement of the case to a competent lawyer, who also examined two witnesses, and it was upon his advice that the charge was made and the warrant in question sworn out by defendant, upon which the plaintiff was arrested. The presiding judge properly refused the non-suit, because whether the advice was given after a full statement of all the material facts in the case, was a matter for the jury to decide. The case went to the jury upon a full statement of the law on this point, to which no objection was made by defendant's attorney.

The other ground of exception is that the verdict is against the evidence. Thone was arrested on a warrant sworn out by Klemme, kept in the station house yard for an hour until bail could be procured, and was charged with malicious injury. The case was postponed and ineffectual efforts were made by the attorneys to settle the matters in difference. Upon a motion to quash the charge in the District Court, a *nolle prosequi* was entered and a fresh charge was made—that Thone had violated Sec. 1, Act 35 of the Session Laws of 1896, "by wilfully, unlawfully and maliciously disturbing one Carl Klemme in his rights and privileges of person and property, to-wit, by, on the 26th day of September, at Honolulu, Oahu, untying and letting loose a certain horse, said horse being then and there attached and harnessed to a certain wagon, both said horse and wagon being the property of said Carl Klemme, whereby said Carl Klemme might have been subjected to great loss and damage to his property and property rights." Thone was acquitted in the District Court. Whereupon this suit for damages for malicious

prosecution was entered. At the trial before the jury the defendant drew out upon cross-examination of Thone a long recital of certain quarrels between him and Klemme, arising from the relation of landlord and tenant, which existed between them. Mrs. Thone, wife of the plaintiff Thone, had purchased the leasehold of the premises which Klemme occupied as a retail grocery store. Defendant's apparent object in bringing out this evidence was to show that if Thone, for example, did throw Klemme's boxes out into the street because they were placed a little beyond the line of Klemme's premises, erect a fence on the line in the rear of Klemme's premises, so that he could not open his back door, and similar unfriendly acts, he would be likely to have untied the horse, especially when Thone had declared that he would let the horse loose into the street if he was tied again in the place where Thone asserted he, Klemme, had no right to tie him.

Without entering at all into the discussion as to which party was right or wrong in these quarrels, we think that the evidence was calculated to have a different effect upon the jury from that intended by defendant, and tended to show that the prosecution was malicious in that it was for the purpose of putting an end to what Klemme considered were unjustifiable trespasses upon his rights of property. A statement by the attorney upon whose advice the prosecution was proceeded with is significant in this connection. The attorney said: "He (Klemme) wanted him (Thone) arrested for something if there was an offense committed, and I told him he could have him arrested for malicious injury upon the statement which he made to me." And on cross-examination: "I told him (Klemme) the best thing he could do was to have Thone arrested, and he said he wanted to stop the way Thone was acting, somehow." This evidence would authorize the jury to find malice and a want of probable cause.

Upon all the evidence we find no reason for setting aside the verdict as being contrary to the evidence and the weight of evidence.

The exceptions are overruled.

*G. A. Davis*, for plaintiff.

*Thurston & Stanley*, for defendant.